WILLIAM F. GILLIE, Respondent, v. J. FRANK FELLOWS, Appellant.

Third Department, July 7, 1921.

**Malicious prosecution — plaintiff, employee of garage company, arrested for procuring return of automobile to garage by false representations — evidence admissible as to good faith of defendant in obtaining possession of automobile from plaintiff's employer on presentation of check for repairs on which payment was subsequently stopped.**

In an action for malicious prosecution it appeared that the plaintiff was an employee in a garage; that the defendant had his car repaired at said garage and gave a check for repairs and removed the car; that the defendant thereafter stopped payment on the check on the alleged ground that the repairs were not properly made; that the plaintiff induced defendant's chauffeur to return the car to the garage on the representation that the defendant had agreed to do so; and that thereafter the plaintiff was arrested. *Held*, that it was an important question in the case whether the defendant had obtained the possession of the automobile from the plaintiff's employer by a trick, in using the check and then stopping payment upon it, or whether he was acting in good faith when the check was given and stopped payment only when he discovered that the plaintiff's employer had not performed his contract, and, therefore, it was permissible to ask the defendant if he was put to expense on account of the condition in which the plaintiff's employer left the automobile.

APPEAL by the defendant, J. Frank Fellows, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 14th day of December, 1920, upon the verdict of a jury, and also from an order entered in said clerk's office on the 20th day of December, 1920, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Lucien E. Clickner*, for the appellant.

*John W. Roddy*, for the respondent.

JOHN M. KELLOGG, P. J.:

The action is for malicious prosecution. The plaintiff is a mechanic and was employed in the garage of George T. Roddy of Troy, and he repaired the defendant's automobile at the

garage. The defendant gave a check for the repairs and removed the car. Later he claims he discovered that the automobile would not run, and he called up the garage and asked where the plaintiff was, saying the car needed fixing, as it would not run. Roddy answered that the plaintiff was not there and he was unable to say when he would be there, and apparently gave no satisfactory answer. Defendant thereupon took the automobile to another garage and stopped payment upon the check. Roddy swears that he accused the defendant of getting the car by a trick, and then stopping payment on the check and depriving him of his mechanic's lien, and that he threatened to take proceedings against the defendant, whereupon the defendant agreed to return the automobile to the garage, and the plaintiff swears that he met the chauffeur on the street and told him that the defendant had agreed to return the automobile to the garage and that the chauffeur backed the car into the garage. The defendant denies this, and claims that the plaintiff, without authority, told defendant's chauffeur that defendant directed the automobile to be returned to the garage, and he accordingly did so, and that Roddy obtained possession of the automobile, after payment had been stopped upon the check, by the false representation of the plaintiff, and that he then consulted his attorney and the police justice, and a warrant for the arrest of the plaintiff was issued on their advice.

It was a very important question in the case whether the defendant had obtained the possession of the automobile from Roddy by a trick, in using the check and then stopping payment upon it, or whether he was acting in good faith when the check was given and stopped payment only when he discovered that Roddy was not performing his contract. The defendant's evidence clearly indicated that he was acting in good faith and that payment was stopped on the check because it was necessary for him to spend money on the automobile to complete Roddy's contract. While attempting to show his good faith, he was asked if he was put to expense on account of the condition in which Roddy left the automobile. The evidence was excluded. The defendant stated that he wanted to show his good faith, as it was claimed that he obtained the automobile from Roddy by a trick. The court ruled that

the defendant could not show his good faith by hearsay testimony, that it was immaterial what the relations were between Roddy and the defendant, or the transaction between them, as it was hearsay as to the plaintiff, saying that good faith could not be shown by the witness testifying to what somebody had told him; that the material question was malice towards the plaintiff, and his relations with Roddy were immaterial. To these instructions the defendant excepted and the exception was well taken.

Quite probably the defendant had no substantial reason to believe that the plaintiff intended to steal his automobile; it is also very probable that no real harm was done to the plaintiff by the arrest. In other words, the arrest and the action both stand upon technical grounds, without real substance. The verdict is excessive, and it is apparent that the defendant was prejudiced by the rulings referred to. The judgment and order are, therefore, reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed on law and facts, upon the ground that the verdict is excessive, and new trial granted, with costs to appellant to abide event.